UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-338-H

THOMAS WATSON                                                                              PLAINTIFF

v.

JEFFERSON COUNTY
    METROPOLITAN GOVERNMENT                                     DEFENDANT

**MEMORANDUM OPINION**

The plaintiff, Thomas Watson, initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Because the plaintiff failed to exhaust his administrative remedies prior to filing his civil action, the court will dismiss his action without prejudice.

**I. SUMMARY OF CLAIMS AND FACTUAL ALLEGATIONS**

The plaintiff is an inmate currently confined at the Kentucky State Reformatory ("KSR"). He initiated this civil rights action, however, due to events that occurred while he was incarcerated at the Jefferson County Detention Center. Specifically, he complains that he was continually denied medical treatment for a knee injury.

This is the plaintiff's second attempt at seeking redress for constitutional injuries he claims he suffered while in the custody of Jefferson County. On January 4, 2005, he filed a civil rights action in this court based upon these same allegations. *See Watson v. Jefferson County Gov't*, Civil Action No. 3:05CV-P41-S. That case was dismissed on March 4, 2005, because the plaintiff had not exhausted his administrative remedies prior to filing suit. *Id.* at DNs 5 and 6.

In this complaint, the plaintiff alleges that he "did follow all proper administrative remedies" because he filed grievances and sent letters to different agencies trying to resolve the matter. He seeks to hold the defendant legally liable because it "contributed to [his] permanent injuries to his knee 'by the willful and grossly negligent failure of the agents, servants, and employees of the Defendant to properly supervise said facility.'" (DN 1, Compl., p. 1)

## II. ANALYSIS

It is axiomatic that an inmate is required to exhaust his available remedies prior to filing suit in federal court, and he bears the burden of alleging and showing that he has exhausted those remedies. *See* 42 U.S.C. § 1997e(a)[1] and *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). A prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997).

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims. *Brown,* 139 F.3d at 1104. If the prisoner does not possess the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000). Should the authorities to whom the inmate has presented his grievance ignore his written

---

[1]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). In the end, a district court must dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies. *Brown,* 139 F.3d at 1102.

Here, the plaintiff has at most established the fact that he filed grievances over the matter. Beyond providing copies of those grievances, he has not informed the court of responses he received or any other action taken in association with his grievances. In other words, while he establishes that he started the grievance process, he does not establish how he completed it. While he may have been diligent in contacting other agencies to resolve the matter, the simple fact is that he must exhaust completely the institution's grievance mechanism in order to comply with § 1997e's exhaustion requirement. Because he failed to comply with this requirement, this court will also dismiss his case.

By dismissing the complaint for failure to exhaust, the court passes no judgment on the ultimate merits of the plaintiff's claim. In the event that he files another civil action, he must provide documentation that shows exhaustion or specifically describe how he completed that process if he has no documentary proof. To the extent that he may want to hold Louisville Metro Government accountable for the constitutional injuries he purportedly sustained, he must establish a direct causal link between a municipal policy or custom and the constitutional deprivation he claims that he sustained. *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). A governmental entity may not be held liable merely because it employed persons, who violated his constitutional rights. *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). And, finally, negligence in providing medical treatment does not give rise to a cognizable claim under § 1983. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

       The court will enter an order consistent with this memorandum opinion.

Date:

cc:    Counsel for Plaintiff
       Jefferson County Attorney
       4412.002