UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-338-H

THOMAS WATSON  PLAINTIFF

v.

JEFFERSON COUNTY
    METROPOLITAN GOVERNMENT  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Thomas T. Watson, Sr., filed this civil rights action pursuant to 42 U.S.C. § 1983. On September 2, 2005, the court dismissed his civil action because he failed to establish exhaustion of his administrative remedies (DNs 9 and 10). The matter is now before the court on the plaintiff's motion to alter or amend its judgment (DN 11). For the reasons set forth below, the motion will be denied.

I.

The plaintiff, who is confined in the Kentucky State Reformatory, has twice sought relief by way of § 1983 for the alleged deprivation of medical treatment while he was confined in Louisville Metro Corrections. This and his previous action were dismissed because he failed to establish exhaustion of administrative remedies. *See also Watson v. Jefferson County Gov't*, Civil Action No. 3:05CV-P41-S. In this second case, while the court found that he started the remedial process at the institution, he still failed to demonstrate complete exhaustion. In his motion to amend the court's judgment, he claims that he tried to exhaust his remedies but received no responses to his many grievances. He, thus, maintains that he exhausted all remedies known (or available) to him.

II.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit Court of Appeals has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Here, the plaintiff essentially claims that the court's analysis represents a clear error of law.

The Sixth Circuit Court of Appeals has held that an inmate must completely exhaust all claims with respect to all defendants before bringing suit in a federal district court. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Moreover, a prisoner may not amend his complaint to save it from *sua sponte* dismissal by the district court. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

Here, while the plaintiff's complaint established that he took the first step in exhausting his remedies, there was nothing in that complaint to show that he completed that process. It was on this basis that the court dismissed his complaint. He now claims that the administrative process was essentially unavailable to him because no one responded to his initial grievances and he knew of no further recourse to pursue. His allegations are similar to ones set forth and rejected in *Baxter*. There the prisoner failed to explain in his complaint how he exhausted his administrative remedies prior to filing suit. While he had in fact complied with the exhaustion requirement, he inadvertently omitted that information when he filed his § 1983 action. When he attempted to amend his complaint to show his compliance, the district court held that he could not do so, and it dismissed his complaint. The Sixth Circuit upheld that decision, holding:

> Our independent review of the law on this issue indicates that a prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies, if his action is covered by the [Prison Litigation Reform Act].

*Baxter*, 305 F.3d at 488. Here, the plaintiff failed to plead exhaustion or the unavailability of administrative remedies. Because the court correctly dismissed the plaintiff's claims due to his failure to establish compliance with the exhaustion requirement, his motion to alter or amend is **DENIED**.

There being no just reason for delay in its entry, this is a final order.

The court further **certifies** that an appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Date:

cc:   Counsel for Plaintiff
      Jefferson County Attorney
      4412.002